5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert L. DENNINGHAM, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 93-3182.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1993.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert L. Denningham appeals the September 11, 1992 decision of the Merit Systems Protection Board, No. DC0432920527I-1, affirming his removal from his position of Research Physicist with the Department of the Navy. We affirm.
 
 
 2
 Denningham's removal was based on a charge of unacceptable performance in one critical element of his position. He asserts on appeal that the Performance Improvement Plan (PIP) implemented by the agency to help him attain acceptable performance was invalid. This allegation is based on Denningham's assertion that while the PIP required him to work with digital multiplication by analog convolution (DMAC) and perform a mathematical operation called an "inner product," his supervisor orally instructed him to "forget inner products." Denningham maintains that the PIP should have been revised to reflect this change in tasks.
 
 
 3
 The AJ found that the first four tasks of the PIP did not require the petitioner to work with DMAC. The AJ also found that while the fifth task involved DMAC, and that inner products were a part of DMAC, Denningham was not required to test the algorithm but only to develop a plan for demonstrating it. The AJ then concluded that the PIP was sufficiently specific, comported with any subsequent oral instructions, and did not require revision. The AJ's decision on this issue was based on the testimony of Dr. Lee, one of Denningham's supervisors. This testimony provided substantial evidence in support of the findings. Denningham also challenges Dr. Lee's credibility, which he alleges was undermined by a lack of familiarity with the scientific concepts at issue. The AJ's credibility determinations are "virtually unreviewable" and we see no error in the AJ's reliance on Dr. Lee's testimony. Hambsch v. Dept. of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 4
 Finally, Denningham asserts that the AJ incorrectly interpreted statements he made about the feasibility of testing DMAC on a compact disk as uncertainty on his part rather than his conviction that such testing could not be accomplished. However, it is clear from the AJ's opinion that he recognized Denningham's argument, but did not credit it: "The appellant repeatedly argued that [sic] the hearing that the DMAC algorithm could not be tested on a CD. This argument is not persuasive."
 
 
 5
 The board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of law. See 5 U.S.C. Sec. 7703(c) (1988).